**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAJIE LIU,<br><br>          Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 10-73437<br><br>Agency No. A099-364-378<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Yajie Liu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).  We deny the petition for review.

Liu testified that she was arrested and fired from her job for preaching the gospel to patients at the hospital of Chinese medicine where she was a doctor. Substantial evidence supports the agency's adverse credibility determination because Liu's claim that she is a doctor of Chinese medicine was inconsistent with her household register, which indicated she is an engineer, and the agency reasonably rejected her explanations for the inconsistency.  *See Shrestha*, 590 F.3d at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"); *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (upholding agency finding that explanations were insufficient).  In the absence of credible testimony, Liu's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Liu's CAT claim is based on the same testimony found to be not credible, and she does not point to any other evidence that shows it is more likely than not she would be tortured if returned to China, her CAT claim also fails.  *See*

*id.* at 1156-57.

Finally, we reject Liu's contention that the agency denied her a full and fair hearing.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**